**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| BRUCE ALLAN ADES, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:20-CV-00089-RWS |
| v. | § § § | |
| U.S. DEPARTMENT OF THE TREASURY; BUREAU OF THE FISCAL SERVICE, UNITED STATES OF AMERICA, | § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the United States' Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 23). For the reasons set forth below, the motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff Bruce Ades filed this lawsuit alleging that the United States violated the Federal Torts Claims Act ("FTCA"). Docket No. 1 (Complaint); Docket No. 19 (First Amended Complaint). Ades principally takes issue with the Government's attempts in 2020 to collect a Foreign Bank and Financial Accounts penalty arising out of an agreement he and his former spouse entered into with the Government in 2006. Docket No. 19 at 6–7. The United States moved to dismiss for, among other reasons, lack of subject-matter jurisdiction due to Ades's failure to exhaust administrative remedies. Docket No. 23. Ades filed his response on August 30, 2020. Docket No. 25.

This case was referred to the United States Magistrate Judge who recommended that the Court grant the Government's motion. Docket No. 34 ("Report and Recommendation"). In the

Report and Recommendation, the Magistrate Judge found that Ades failed to demonstrate that he exhausted his administrative remedies prior to filing this suit, and so the Court lacks subject-matter jurisdiction. *Id*. at 5–11.

Ades objects to the Magistrate Judge's recommendation that his case be dismissed without prejudice. Docket No. 35. Ades does not dispute the Magistrate Judge's conclusion that he failed to exhaust administrative remedies. Rather, Ades contends there is no "known formal" pathway to exhaust administrative remedies because "the issues in dispute have never been brought before any court." *Id*. at 3, 5. Ades further asserts, for the first time, that he has "alleged in his pleadings" certain Administrative Procedure Act ("APA") violations by the Internal Revenue Service and, as a result, need not exhaust administrative remedies. *Id*. at 6–11. The Government, in response, asks the Court to overrule the objections and adopt the Report. Docket No. 36. Specifically, the Government argues Ades's sole cause of action—for damages under the FTCA—cannot be initiated against the Government unless he first complies with the statutory command to exhaust administrative remedies, a step Ades admittedly has not taken. Docket No. 36 at 1–3. The Government also urges the Court to overrule Ades's attempt to use his objections to litigate the merits of his underlying case. *Id*. at 3. In Reply, Ades reiterates his belief that "[t]here are no further administrative remedies" and asserts both the FTCA and APA "automatically waive the sovereign immunity of the United States." Docket No. 37 at 2.

## II.   *DE NOVO* REVIEW

The FTCA is a waiver of the United States' sovereign immunity. *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020). But before a plaintiff can assert a claim against the United States under the FTCA, as Ades seeks to do here, a plaintiff must first exhaust administrative remedies. *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019); 28 U.S.C. § 2675(a). Ades concedes

he has not exhausted his administrative remedies but asserts he is not required to because the applicable procedures are unknown and because this issue has not been previously litigated.

Ades is incorrect. As discussed in the Report and Recommendation, there are known procedures for exhausting administrative remedies under the FTCA. Docket No. 34 at 7–10. Under 28 C.F.R. § 14.2, an FTCA claim

> shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]

28 C.F.R. § 14.2(a). "Although a particular method of giving notice is not required, plaintiffs usually give notice [under the FTCA] by filing a 'Claim for Damage, Injury or Death' with the appropriate federal agency." *West v. Trump*, No. 3:19-CV-2522-K-BH, 2020 WL 4721291, at *3 (N.D. Tex. July 23, 2020) (citing *Cook v. U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992)), *report and recommendation adopted*, No. 3:19-CV-2522-K, 2020 WL 4698327 (N.D. Tex. Aug. 13, 2020). Here, Ades has not demonstrated that he complied with the FTCA's exhaustion requirement.

Absent exhaustion, the Court lacks subject-matter jurisdiction. *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223 (5th Cir. 1989). "The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *McNeil v. United States*, 508 U.S. 106, 111 (1993) (quoting 28 U.S.C. § 2675(a)) (alteration in original).

In his objections to the Report and Recommendation, Ades seemingly attempts, for the first time, to assert a theory under the APA. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702; *see also Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020).  But the only claim in Ades's First Amended Complaint is under the FTCA.  Ades cannot assert a new claim for the first time in an objection to a magistrate judge's recommendation.  *Cooper v. Dao Hung*, No. 9:10CV126, 2012 WL 6000941, at *3 n.1 (E.D. Tex. Nov. 29, 2012) (noting the *pro se* plaintiff "cannot raise new claims in objections to the Report of the Magistrate Judge"); *see also Quezada v. Avoyolles Corr. Ctr.*, No. 15-781, 2015 WL 5061230, at *5 (E.D. La. Aug. 17, 2015) (collecting cases and addressing the issue in the context of a pro se plaintiff).

Having conducted a *de novo* review, the Court is of the opinion that the United States' Motion to Dismiss is meritorious.  The Court further finds Ades's objections are without merit and **OVERRULES** them.  The Court is also of the opinion that the findings and conclusions of the Magistrate Judge are correct.  The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 34) as the findings and conclusions of this Court.  Accordingly, it is hereby

**ORDERED** that the United States' Motion to Dismiss (Docket No. 23) is **GRANTED**.  Ades's case is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 2nd day of February, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE